UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL NO. 207 BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRONWORKERS ANNUITY PLAN, et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 4:16CV1387 <br><br> MAGISTRATE JUDGE GEORGE J. LIMBERT <br><br> MEMORANDUM OPINION & ORDER |
| Plaintiffs, | | |
| v. | | |
| RUGGERY STEEL, LLC., et al., | | |
| Defendants. | | |

This matter is before the Court upon a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by Plaintiffs Bridge, Structural, Ornamental and Reinforcing Ironworkers Local No. 207 Annuity Plan, Bridge Structural, Ornamental and Reinforcing Ironworkers Local No. 207 Pension Plan, the Ironworkers No. 207 Voluntary Employee Benefits Association, and the Mahoning & Trumbull County Building Trades Insurance Fund ("Plaintiffs"). ECF Dkt. #25. Plaintiffs assert that they are entitled to judgment as a matter of law against Defendants Ruggery Steel, LLC ("Defendant Ruggery Steel") and Victor M. Ruggery, ("Defendant Ruggery")(collectively "Defendants") jointly and severally, as Defendants admitted that they owe the contributions and deductions at issue in the instant case and irrefutable evidence shows that they owe liquidated damages. *Id.* Defendants have filed no opposition to the motion for summary judgment.

For the following reasons, the Court GRANTS Plaintiffs' motion for summary judgment. ECF Dkt. #25.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 8, 2016, Plaintiff filed the instant complaint in this case against Defendants pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, and Sections 502(a)(3), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(a)(3), (e) and (f). ECF Dkt. #1. Plaintiffs assert that they are designated in a Collective Bargaining Agreement ("CBA") which they attached to their complaint. *Id.* They aver that the CBA defines the terms and conditions of employment, including the payment of wages and fringe benefits, for Plaintiffs' participants and members. *Id.* Plaintiffs further assert that the CBA also defines the consequences of failure to pay fringe benefit contributions and deductions in a timely manner. ECF Dkt. #s 1, 1-1.

Plaintiffs further allege that Defendant Ruggery signed the CBA on behalf of Defendant Ruggery Steel as its owner, and Defendants employ and/or employed several of Plaintiffs' participants and members and were therefore required to make timely wage, fringe and other benefit payments under the CBA. ECF Dkt. #1 at 4. Plaintiffs further allege that the CBA also contains a liquidated damages clause for delinquent payments. *Id.*

In Count One of their complaint, Plaintiffs allege that Defendant Ruggery Steel failed to remit fringe benefits for the month of October 2015 by the required time of November 15, 2015 and still had not paid the $29,618.89 in delinquent fringe benefits as of the date of the filing of the complaint. ECF Dkt. #1 at 5. In Count Two, Plaintiffs allege that Defendant Ruggery Steel also failed to remit $3,474.43 in wage deductions to Plaintiffs as required by the CBA. *Id.* In Count Three, Plaintiffs allege that their representatives have a right to conduct a written audit of Defendant

Ruggery Steel's books and records upon written notice with respect to hours worked and wages paid to all employees for whom Defendant Ruggery Steel is required to make contributions. *Id.*

In their prayer for relief, Plaintiffs request that the Court: issue judgment in their favor and against Defendant Ruggery Steel for $29,618.89, the unpaid fringe benefit contributions for the work month of October 2015; issue judgment in their favor and against Defendant Ruggery and Defendant Ruggery Steel, jointly and severally, for $3,474.43 in delinquent wage deductions; award Plaintiffs the liquidated damages owed through the date of payment; award Plaintiffs interest at the rate prescribed by the CBA on the final amount paid; award Plaintiffs reasonable attorney fees and costs; award Plaintiffs the audit fees incurred for audits performed; and grant further relief as the Court deems just and equitable. ECF Dkt. #1 at 5-6.

On August 30, 2016, Defendants filed an answer to the complaint. ECF Dkt. #10. On September 27, 2016, the parties consented to the jurisdiction of the undersigned, which Judge Adams approved on October 4, 2016. ECF Dkt. #s 13, 19.

On February 21, 2017, Plaintiffs filed the instant motion for summary judgment. ECF Dkt. #25. Defendants have not filed a response to the motion for summary judgment.

## II.   STANDARD OF REVIEW

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to show that a fact cannot be or is genuinely disputed, a party must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;

3

or

>(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Upon filing a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the nonmoving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (internal citation omitted); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n. 12 (6th Cir. 1989). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In response, if the moving party establishes the absence of a genuine issue of material fact, in order to defeat summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(c); 56(e). *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal citation omitted). In this regard, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," but rather, "Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379–80

(6th Cir. 2007) (internal citation omitted); *see also Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008) (internal citation omitted). Moreover, the non-moving party must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–587; see also *Barr v. Lafon*, 538 F.3d 554, 574 (6th Cir. 2008).

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87; *see also Anderson*, 477 U.S. at 252.

### III. LAW AND ANALYSIS

#### A. Defendants' Lack of Response to the Motion for Summary Judgment

The Court notes that Plaintiffs filed the instant motion for summary judgment on February 21, 2017. ECF Dkt. #25. Pursuant to the Local Rules of this Court, Defendants had thirty days in which to file a brief in opposition to the motion for summary judgment. L.R. 7.1(d). As of the date of this Memorandum Opinion & Order, Defendants have not filed a brief in opposition.

While Defendants have not filed a response to the motion for summary judgment, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 452, 455 (6th Cir. 1991). Accordingly, the Court reviews the relevant law and Plaintiffs' motion for summary judgment in order to determine whether, at a minimum, they have discharged their initial burden upon summary judgment.

5

**B.  Summary Judgment, Matters Deemed Admitted by Defendant Ruggery, and Relevant Admissions of Defendant Ruggery Steel**

In the motion for summary judgment, Plaintiffs point to and attach a copy of the CBA and signature page showing that Defendant Ruggery Steel was a signatory thereto by virtue of Defendant Ruggery's signature as its owner.  ECF Dkt. #25 at 2, citing ECF Dkt. #25-1, 25-2.  They also cite to and attach Defendant Ruggery Steel's responses to their Requests for Admissions and Defendant Ruggery's lack of response at all to their Requests for Admissions.  ECF Dkt. #25 at 2-5, citing ECF Dkt. #25-3, 25-4.  Plaintiffs contend that the law provides that Defendant Ruggery's failure to respond to the Requests for Admissions deems the matters therein admitted, which supports their motion for summary judgment.  ECF Dkt. #25 at 2 and ECF Dkt. #25-2 at 4, citing Fed. R. Civ. P. 36(a)(3) and *Jasar Recycling, Inc. v. Major Max Mgmt. Corp.*, No. 4:08CV2830, 2010 WL 395212 (N.D. Ohio Jan. 22, 2010), unpublished.  They also cite to Defendant Ruggery Steel's admissions in its responses to their Requests for Admissions to support the instant motion for summary judgment.

The Court finds that Defendant Ruggery failed to respond to Plaintiffs' Requests for Admissions even though he was served these Requests on December 9, 2016.  ECF Dkt. #24.  Such a failure has the effect of admitting the matters contained within the Requests for Admissions.  Fed. R. Civ. P. 36(a)(3).  Accordingly, the Court deems the matters in Plaintiffs' Request for Admissions admitted by Defendant Ruggery based upon his failure to respond.  Defendant Ruggery has therefore admitted the following matters relevant to the instant motion:

> 1. Defendant is an officer of Ruggery Steel, LLC.
>
> 2. In October, 2015, Ruggery Steel, LLC was signatory to a collective bargaining agreement with Local 207.

6

3. The collective bargaining agreement referred to in Request 2 above required Ruggery Steel, LLC to make certain contributions on behalf of its employees who were members of Local 207.

4. The collective bargaining agreement referred to in Request 2 above required Ruggery Steel, LLC to remit required contributions no later than the fifteenth (15th) day of the month following the month in which the work was performed.

5. Pursuant to the collective bargaining agreement referred to in Request 2 above, Ruggery Steel, LLC withheld employee deductions, such as vacation savings, IMPACT funds, Special Action funds, and Union dues, on behalf of its employees who were Local 207 members.

6. Ruggery Steel, LLC did not remit the employee deductions described in Request 5 above as required by the collective bargaining agreement.

7. To date, Ruggery Steel, LLC has not remitted any of the deductions described in Request 5 above.

8. The amount of deductions due and owing to Ruggery Steel, LLC's Local 207 employees is Three Thousand Four Hundred Seventy-Four Dollars and Forty-Three Cents ($3,474.43).

9. Defendant does not know of any different amount of deductions owed other than the amount described in Request 13, above[SIC].

10. On April 28, 2016, Defendant contacted Plaintiffs' counsel.

11. On April 28, 2016, Defendant agreed that the contributions and deductions were due and owing.

12. On April 28, 2016, Defendant informed Plaintiffs' counsel that Ruggery Steel, LLC would pay all required amounts when it received payment from another entity.

13. At no time during the April 28, 2016 phone call did Defendant dispute that contributions and deductions were due and owing.

14. On May 5, 2016, Defendant spoke with counsel for Plaintiffs regarding the delinquent contributions and deductions.

15. On May 5, 2016, Defendant informed Plaintiffs' counsel that he would submit payroll reports to Plaintiffs' counsel by May 7, 2016.

>   16. At no time during the May 5, 2016 conversation did Defendant dispute that contributions and deductions were due and owing.
>
>   17. Defendant has yet to send the payroll reports to Plaintiffs' counsel.
>
>   18. Since September, 2015, Defendant has used Ruggery Steel, LLC finances for personal use.
>
>   19. Since September, 2015, Defendant has received wages from Ruggery Steel, LLC.
>
>   20. Since September, 2015, members of Defendant's immediate family have received payments from Ruggery Steel, LLC.

ECF Dkt. #25-4 at 1-4. Moreover, in its responses to the Request for Admissions, Defendant Ruggery Steel admitted the following relevant matters:

>   1. Defendant employed members of Bridge, Structural, Ornamental, and Reinforcing Ironworkers Local 207 ("Local 207") in October, 2015.
>
>      Answer: Admitted
>
>   6. Defendant did not remit any contributions for work performed by Local 207 members for the work month October, 2015.
>
>      Answer: Admitted. By way of further response, the general contractor for the project did not remit payment to its subcontractor or the Defendants. The Plaintiff could and should be seeking payment from the project general contractor, Mascaro.
>
>   11. The amount of contributions due and owing to Defendant's Local 207 employees is Twenty-Nine Thousand Six Hundred Eighteen Dollars and Eighty-Nine Cents ($29,618,89).
>
>       Answer: Admitted; however the Defendants did not receive payments at the project for monies earmarked for the Plaintiffs after October 2015. The Plaintiff could and should be seeking payment from the project general contractor, Mascaro.
>
>   13. The amount of deductions due and owing to Defendant's Local 207 employees is Three Thousand Four Hundred Seventy-Four Dollars and Forty-Three Cents ($3,474.43).

> Answer: Admitted; however, the Defendants did not receive payments at the project for monies earmarked for the Plaintiffs after October 2015. The Plaintiff could and should be seeking payment from the project general contractor, Mascaro.
>
> 24. As of the date of this Request, Victor Ruggery has yet to send the payroll reports to Plaintiffs' counsel.
>
> Answer: Admitted.

ECF Dkt. #25-3 at 4-5.

Upon review of Plaintiffs' motion for summary judgment and the relevant admissions, the Court finds that Plaintiffs have more than met their initial burden on summary judgment as to Defendants' joint and several liability on unpaid fringe benefit contributions. Defendants, through their failure to respond to the motion for summary judgment, have failed to meet their reciprocal burden of summary judgment of showing a genuine issue of material fact or a dispute as to the law cited by Plaintiffs. Accordingly, the Court finds that Defendants have failed to pay $29,618.89 in unpaid fringe benefit contributions for Plaintiffs' participants and members for the work month of October, 2015. Plaintiffs are therefore entitled to judgment as a matter of law and Defendants are jointly and severally liable to Plaintiffs in the amount of $29,618.89.

### C. **Pursuing the General Contractor**

While Defendants did not file a response to the motion for summary judgment, Ruggery Steel asserted in its responses to the Requests for Admissions that Plaintiffs should pursue the general contractor for the fringe benefit and other payments. ECF Dkt. #25-3 at 4-5. However, in their motion for summary judgment, Plaintiffs point to Defendant Ruggery's signature as owner of Defendant Ruggery Steel and they cite caselaw holding that "the terms of a CBA generally may be enforced only against its signatories" and holding that even if another entity could be considered a joint employer, this does not necessarily mean that the other entity would be responsible for the sued

9

party's debts." ECF Dkt. #25 at 6, quoting *UAW, Local 157 v. OEM/Erie Westland, LLC*, 203 F.Supp.2d 825, 832 (E.D. Mich. 2002) and citing *Metro, Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co.*, 672 F.2d 580, fn. 5 (6th Cir. 1982).

Without any assertion of fact or law to the contrary by Defendants, the Court finds that Plaintiffs have met their initial burden on summary judgment as to this issue and they are not required to pursue any other person or entity since Defendant Ruggery signed the CBA on behalf of

Defendant Ruggery Steel.

### D. Defendant Ruggery's Personal Liability

Plaintiffs also seek to hold Defendant Ruggery personally liable for failing to remit withholdings and deductions in the amount of $2,058.17. ECF Dkt. #25 at 5-6. They cite to 29 C.F.R. § 25103-102(a)(1) which provides the general rule that the assets of the plan include "amounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan." 29 C.F.R. § 25103-102(a)(1). They also cite caselaw providing that a person who controls plan assets is a fiduciary and a fiduciary is personally responsible for all of his breaches. ECF Dkt. #25 at 6, citing ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) and ERISA §409(a), 29 U.S.C. § 1109(a). Plaintiffs contend that Defendant Ruggery is a fiduciary and is therefore personally responsible for the $2,058.17 in employee deductions not remitted as he admitted that $3,474.43 was owed and of that amount, $1,416.26 was for union dues, for which he is not liable. ECF Dkt. #25 at 6.

The Court finds that Plaintiffs have met their initial burden on summary judgment on this issue and Defendants have failed to meet their reciprocal burden. Defendant Ruggery, by

10

failing to respond to the Requests for Admissions, admitted that the amount of deductions due and owing to Ruggery Steel, LLC's Local 207 employees is $3,474.43. Further, Defendant Ruggery has not raised a genuine issue of material fact as to whether he is personally liable for this amount and he has not come forth with law contrary to that cited by Plaintiffs. Accordingly, the Court GRANTS summary judgment in favor of Plaintiffs and finds that Defendant Ruggery is personally liable for $2,058.17 in employee deductions not remitted.

### E. Liquidated Damages

Plaintiffs also move for summary judgment against Defendants as to liquidated damages provided for in the CBA. ECF Dkt. #25 at 9. They cite to the relevant provision in the CBA and provide a calculation of liquidated damages based upon the CBA up through February 21, 2017, the date of the filing of the instant motion for summary judgment. *Id*. They cite to Defendants' admissions and deemed admissions that the contributions and deductions are due and owing. *Id*.

The Court finds that Plaintiffs have met their initial burden on summary judgment as they point to the CBA which contains the liquidated damages provision at Section 30N providing a formula for said damages upon an employer's delinquency in paying contributions and deductions. ECF Dkt. #25 at 9. They further cite to Defendants' admissions and deemed admissions that the contributions and deductions are due and owing, establishing Defendants' liability for liquidated damages. *Id*. Plaintiffs also note that pursuant to ERISA §502(g), 29 U.S.C. §1132(g), liquidated damages are capped and reasonable attorney fees and costs should be awarded. *Id*. They assert that pursuant to paragraph C of 29 U.S.C. § 1132(g)(2)(c), the liquidated damages are capped at 20% in this case and 29 U.S.C. §1132(g)(2)(D) provides for reasonable attorney fees and costs. *Id*. They calculate liquidated damages at $7,446.00, but note that it should be capped at $6,618.66. *Id*. at 9.

Based upon the CBA, 29 U.S.C. §1132(g), Defendants' admissions and deemed admissions that the contributions and deductions are still due and owing, and Defendants' failure to raise a genuine issue of material fact or contrary holding of law as to the liquidated damages, the Court GRANTS Plaintiffs' motion for summary judgment as to the capped liquidated damages and attorney fees and costs against Defendants. ECF Dkt. #25. Defendants are therefore liable for liquidated damages in the amount of $6,618.66 plus reasonable attorney fees and costs. *Id*.

## **IV.** **SUMMARY**

Based upon Plaintiffs' motion for summary judgment, the relevant law, Defendants' admissions and deemed admissions, and Defendants' failure to meet its reciprocal burden on summary judgment, the Court GRANTS Plaintiffs' motion for summary judgment. ECF Dkt. #25. The Court therefore ENTERS JUDGMENT IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANTS JOINTLY AND SEVERALLY IN THE FOLLOWING AMOUNTS:

1. $29,618.89 in unpaid fringe benefit contributions for the work month of October 2015;

2. $2,058.17 in employee deductions;

3. $6,618.66 in liquidated damages; and

4. Reasonable attorney fees and costs.

Plaintiffs shall submit an itemized attorney fee bill and costs for the Court to determine its reasonableness no later than May 5, 2017.

IT IS SO ORDERED.

DATE: April 28, 2017  */s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE